UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| APPLICATION OF SEMRUSH SM LLC, FOR | ) | No. 1:22-mc-00045-JRS-MJD |
| AN ORDER PURSUANT TO 28 U.S.C. 1782 TO | ) | *SEALED* |
| CONDUCT DISCOVERY FOR USE IN | ) | |
| FOREIGN PROCEEDINGS | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Semrush SM LLC's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, [Dkt. 1]. On June 24, 2022, District Judge James R. Sweeney II designated the undersigned Magistrate Judge to issue a Report and Recommendation regarding the motion pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that the Court **GRANT** the motion.

**I. Background**

Semrush SM LLC ("Semrush") is a Russian limited liability company with its registered address in St. Petersburg, Russia. [Dkt. 6 at 1.] Semrush is a wholly owned subsidiary of Semrush Holdings, Inc., a Delaware corporation with its principal place of business in Boston, Massachusetts. *Id.* Beginning in May 2017, Pavel Frolov was employed by Semrush as a Sales Director; he was promoted to Vice President of International Sales on December 29, 2020. [Dkt. 8 at 2 (Declaration of Alexander Korkin).] On January 31, 2022, a few days after being informed

that his position was being eliminated, Frolov allegedly "sent confidential information about Semrush's clients and employees to his personal email address," in violation of Semrush's Confidential Information Policy. *Id.* Semrush discovered this violation on February 1, 2022, and terminated Frolov with cause on February 14, 2022. *Id.*

On March 3, 2022, Frolov filed a claim against Semrush in the Oktyabrsky District Court of St. Petersburg, Russia, Case No. 2-1975/2022, alleging that Semrush wrongfully terminated his employment (the "Russian Litigation"). *Id.* at 1. Semrush defends its actions in the Russian Litigation on the ground that Frolov was lawfully terminated for violating "his obligations of confidentiality to Semrush by disclosing significant information constituting a commercial secret, as well as information related to personal data of other employees." *Id.* at 1-2. In the course of investigating Frolov's claim, Semrush learned that Frolov had also been employed by a business known as HypeAuditor since at least 2018, when he was still employed by Semrush. *Id.* at 2. HypeAuditor is the "assumed business name registered by an Indiana limited liability company called Stonecast Financial LLC," with its principal place of business at 9165 Otis Avenue, Suite 238, Indianapolis, IN 46216. [Dkt. 5 at 6.] Semrush asserts that "Frolov's work for HypeAuditor provides a possible motive for his misappropriation of Semrush's confidential information." *Id.* at 4. However, due to "the limited discovery mechanisms available to Russian litigants," Semrush has been unable to obtain discovery on this issue from Frolov himself. *Id.*

On June 13, 2022, Semrush filed the instant *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, [Dkt. 1]. Semrush seeks to issue a subpoena to HypeAuditor, directing it to produce specific documents for use in the Russian Litigation.

## II. Preliminary Matter

As a preliminary matter, this miscellaneous case was filed under seal and the instant motion has been filed *ex parte*. In response to an Order from the undersigned, [Dkt. 15], Semrush filed a Motion to Unseal the Case and for Leave to Proceed *Ex Parte*, [Dkt. 17]. Therein, Semrush explains that district courts are permitted to review applications made pursuant to 28 U.S.C. § 1782 *ex parte* because the respondent may challenge any discovery request through a motion to quash once the subpoena is served on it. [Dkt. 17 at 1 (citing *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012); *In re Application of Masters*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018)).]

Accordingly, the undersigned **GRANTS** Semrush's Motion to Unseal the Case and for Leave to Proceed *Ex Parte*, [Dkt. 17], and the **Clerk is directed** to **UNSEAL the case** after the final resolution of this motion by Judge Sweeney. If Semrush wishes for any of the documents in this case to remain under seal, it shall file an appropriate motion to seal in compliance with Southern District of Indiana Local Rule 5-11. In the absence of a motion to seal, the Clerk will be directed to unseal all of the documents in this case—even those that were filed *ex parte*—when the case is unsealed.

## III. Discussion

Pursuant to 28 U.S.C. § 1782, Semrush moves the Court to authorize its issuance of a subpoena directing HypeAuditor to produce documents for use in a foreign proceeding. [Dkt. 1.] Title 28 U.S.C. § 1782 is a discovery statute, used "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004). Specifically, the statute provides that

> [t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made . . . upon the application of any interested person. . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). Determining whether to grant a §1782 request requires the applicant to first satisfy the statute's threshold requirements before the district court considers whether and to what extent the application is appropriate.

### A. Semrush's Application Satisfies the Statutory Requirements of §1782

A request pursuant to 28 U.S.C. § 1782 must satisfy the following four statutory requirements:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Medytox, Inc.*, 2019 WL 3162174, at *4 (S.D. Ind. July 16, 2019) (citing 28 U.S.C. § 1782(a)), *report and recommendation adopted*, 2019 WL 3556930 (S.D. Ind. Aug. 5, 2019). Here, Semrush successfully makes this prima facie showing.

First, the instant request is being made by an "interested person." 28 U.S.C. § 1782(a); *In re Medytox*, 2019 WL 3162174, at *4. Semrush is a party to the Russian Litigation and therefore is an "interested person" within the meaning of §1782. *See Intel Corp.*, 542 U.S. at 256 ("[L]itigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke §1782.").

Second, the request seeks evidence in the form of "a document or other thing." 28 U.S.C. § 1782(a); *In re Medytox*, 2019 WL 3162174, at *4. Semrush desires to subpoena the following

4

discovery: (1) the consulting agreement between HypeAuditor and Pavel Frolov; (2) documents sufficient to show the terms of all other agreements (written or oral) between HypeAuditor and Pavel Frolov; and (3) documents sufficient to show all payments made by HypeAuditor, or on HypeAuditor's behalf, to Pavel Frolov. [Dkt. 7-1 at 4.]

Third, the requested evidence is "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *In re Medytox*, 2019 WL 3162174, at *4. Semrush explains as follows:

> The Russian Litigation is proceeding in a Russian court, the Oktyabrsky District Court of St. Petersburg, Russia. The case is ongoing and testimony was heard as recently as May 16, 2022. Moreover, the requested documents are highly relevant to the Russian Litigation and no procedural rule would prevent Semrush from using the documents in that case.

[Dkt. 5 at 8-9 (citations omitted).]

Fourth, the entity from which the discovery is sought resides or can be found in this district. 28 U.S.C. § 1782(a); *In re Medytox*, 2019 WL 3162174, at *4. Indeed, as an Indiana limited liability company with its principal place of business in Indianapolis, HypeAuditor resides or can be found in the Southern District of Indiana. [Dkt. 5 at 9]; see *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) ("A business entity is 'found' in the judicial district where it is incorporated or headquartered.").

Accordingly, Semrush's application satisfies each of §1782's threshold requirements, and the Court therefore has authority under §1782 to grant the discovery request.

### B. The Relevant Circumstances Support the Exercise of the Court's Discretion in Granting Semrush's Application

Once the applicant makes its threshold showing, as Semrush has done, 28 U.S.C. § 1782 "authorizes, but does not require," a district court to provide discovery aid to the requesting

party. *Intel Corp.*, 542 U.S. at 266. This part of the §1782 analysis is guided by a consideration of the unique circumstances presented under the following factors:

> (1) whether "the person from whom the discovery is sought is a participant in the foreign proceeding," in which case, "the need for §1782(a) aid generally is not as apparent as . . . when evidence is sought from a nonparticipant in the matter arising abroad"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the Section 1782 request conceals "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery request includes unduly intrusive or overly burdensome requests.

*In re Medytox,* 2019 WL 3162174, at *4 (citing *Intel Corp.*, 542 U.S. at 264-65). Here, each factor weighs in favor of granting Semrush's application.

First, the entity from which the discovery is sought is not "a participant in the foreign proceeding." See *In re Medytox,* 2019 WL 3162174, at *4. This factor is based on the rationale that "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel Corp.*, 542 U.S. at 264 (citation omitted). However, as Semrush explains, HypeAuditor is not a party to the Russian Litigation and is beyond the jurisdictional reach of the Russian court. [Dkt. 5 at 10.] As such, the first factor supports Semrush's discovery request under §1782.

Second, the foreign tribunal would likely be receptive to "U.S. federal-court judicial assistance." See *In re Medytox,* 2019 WL 3162174, at *4. Citing *In re Arida, LLC,* 2020 WL 7496355, at *8 (S.D.N.Y. Dec. 21, 2020), Semrush asserts that "[t]he consensus view among U.S. courts is that Russian tribunals are generally receptive to discovery obtained through section 1782." [Dkt. 5 at 10-11.] Moreover, without any "authoritative proof that the foreign court would oppose such assistance," *In re Medytox,* 2019 WL 3162174, at *5 (internal quotation marks and citation omitted), this factor weighs in favor of granting Semrush's application.

Third, the request at issue is not "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *See In re Medytox*, 2019 WL 3162174, at *4. Rather, Semrush maintains that "it is unable to obtain the requested documents from Frolov himself in the Russian Litigation due to procedural limits on discovery in Russia." [Dkt. 5 at 11.] Indeed, courts have observed that "limits on discovery in Russia make it appropriate for litigants to obtain needed discovery through §1782," [Dkt. 5 at 12 (collecting cases)], and the Supreme Court has noted "that §1782 should allow applicants to use American discovery tools that might not be permitted in the foreign jurisdiction." *Id.* at *7 (citing *Intel Corp.*, 542 U.S. at 260-62). The instant request is therefore an acceptable use of §1782.

Fourth, the discovery request is not "unduly intrusive or overly burdensome." *See In re Medytox*, 2019 WL 3162174, at *4. Indeed, Semrush's discovery request is narrowly tailored and implicitly circumscribed by the fact that Frolov's employment has only overlapped since late 2018. [Dkt. 5 at 13.] Accordingly, the fourth factor also weighs in favor of granting Semrush's §1782 application.

In sum, because the Court has the authority to review Semrush's §1782 application, and because none of the enumerated considerations weigh against approving such, there is no reason to deny Semrush's discovery request. The undersigned therefore **RECOMMENDS** that the Court **GRANT** Semrush's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, [Dkt. 1].

### IV.  Conclusion

For the reasons set forth above, the undersigned Magistrate Judge **RECOMMENDS** that the Court **GRANT** Semrush's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, [Dkt. 1], without prejudice

to HypeAuditor moving to quash or modify the subpoenas. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to timely file objections within 14 days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Additionally, the undersigned **GRANTS** Semrush's Motion to Unseal the Case and for Leave to Proceed *Ex Parte*, [Dkt. 17]. The Clerk will be directed to unseal the case and, absent an appropriate motion to seal, all documents therein upon final resolution of this motion by Judge Sweeney.

SO ORDERED.

Dated: 6 JUL 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.